IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **ADVANTAGE ENERGY JOINT VENTURE,** | § § | **Case No. 17 34469** |
| | § | **CHAPTER 11** |
| Debtor. | § | |

## APPLICATION TO EMPLOY STOUT RISIUS ROSS, LLC AS FINANCIAL ADVISOR TO THE TRUSTEE

**THIS APPLICATION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE APPLICATION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE APPLICATION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE APPLICATION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE APPLICATION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

Loretta Cross, as Chapter 11 Trustee (the "Trustee") of AEJV, LLC, ("AEJV" or "Debtor"), files this Application to Employ Stout Risius Ross, LLC ("Stout") as Financial Advisor to the Trustee (the "Application"), and, in support thereof, would respectfully show unto the Court the following:

## I.     JURISDICTION

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This matter constitutes a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A) and (O).

## II.     VENUE

2. Venue is proper in this district pursuant to 28 U.S.C. § 1408(1) because the Debtor's principal place of business has been located in this district for more than 180 days preceding the filing of this bankruptcy case.

## III.     BACKGROUND

3. An involuntary petition on September 21, 2017, an order for relief under Chapter 11 of Title 11 of the Bankruptcy Code, 11 U.S.C. §§101 *et seq*. (the "Bankruptcy Code") was entered against the Debtor.

4. The Trustee was appointed on September 26, 2017. An official committee of unsecured creditors has not been established.

5. In accordance with her duties as and efforts to reorganize the business, the Trustee has determined that, in her business judgment, the retention of a financial advisor is in the best interest of the Trustee, the Debtor and its estate.

6. Accordingly, with this Application, the Trustee seeks to engage STOUT to assist the Trustee during the case.

## IV.     RELIEF REQUESTED

7. Pursuant to §327 and §328 of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure, the Trustee seeks Court approval of its engagement of STOUT to act as financial advisor ("Financial Advisor") to the Debtor.

8. The Trustee believes it would be in the best interest of the Trustee, the Debtor and its estate to retain STOUT as financial advisor to her in connection with the handling of Debtor's chapter 11 case. STOUT has substantial experience with, and has specialized in matters relating to insolvency, reorganization, and turnaround management. In addition, Stout has the experience and expertise necessary to formulate and implement a plan of reorganization sufficient to address the claims of creditors and investors.

9. Stout's duties and responsibilities will be as follows:

   a. Financial advisory services related to the reporting to the Court regarding the Debtor's estate;

   b. Assist in marshaling the Debtor's assets for the marketing and sale process;

   c. Preparation of any reports required under the bankruptcy rules or orders;

   d. Cash forecasting, preparation of proformas or other analysis needed for the Court or Debtor to utilize in the process;

   e. Provide testimony, as needed and if requested by counsel or the Trustee, Stout may provide additional services including negotiating with parties in interest and general case management, as needed to help to carry out STOUT's duty to the Trustee.

10. STOUT has agreed to act as Financial Advisor on the following terms. The compensation to be paid to STOUT shall be an hourly rate and shall constitute an administrative expense of the estate. STOUT's hourly rates range from $75 to $650. Margaret A. Ceconi will lead the engagement. Ms. Ceconi's current hourly rate is $455 and STOUT has agreed to use 2017 rates for this engagement. The Engagement Letter between STOUT and the Trustee is attached hereto as Exhibit "A" and made a part hereof for all purposes. STOUT shall file interim and final fee applications, provided, however, the Trustee may file a motion requesting entry of order

approving interim fee procedures and STOUT will comply with any such procedures.

11. Attached hereto as Exhibit "B" and incorporated herein for all purposes is the Affidavit of Margaret A. Ceconi and Disclosure Statement Pursuant to Section 504 of the Bankruptcy Code and Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure which attests that STOUT and its staff:

   a. do not hold or represent any interest adverse to the estate, are disinterested and are eligible to serve as financial advisor for Debtor under Bankruptcy Code §327(a);

   b. are not creditors, equity security holders or insiders of Debtor and do not represent any entity (or its attorneys or accountants) other than Debtor in connection with Debtor's chapter 11 case;

   c. are not, and never have been, investment bankers for any outstanding security of Debtor;

   d. are not, and have not been within the past two years, a director, officer, or employee of Debtor or of any such investment banker as described above;

   e. have no interest materially adverse to the interests of Debtor or of any class of creditors or equity security holders of Debtor, by reason of any direct or indirect relationship to, connection with, or interests in, Debtor or any investment banker for Debtor; and

   f. have no connection with Debtor, or its creditors, equity interest holders or any party in interest, or with the respective attorneys or accountants of the foregoing, or with the United States Trustee or any person employed in the office of the United States Trustee, except that STOUT and Ms. Ceconi have acted as a financial advisor and/or Chief Restructuring Officer in other cases.

12. As stated above, STOUT has no connections with the Debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

13. The employment of STOUT as Financial Advisor is in the best interest of the Trustee, Debtor and its' estate.

14. The Trustee has selected STOUT because it will be more efficient to use the firm as to which the Trustee is also employed. Communications will be more efficient and the

4

Trustee has worked with the Financial Advisor on numerous matters and is aware of its capabilities. Moreover, the Trustee has been advised that STOUT will not require a retainer. Based on her knowledge of the industry, the Trustee believes that most other financial advisory firms would have required a retainer and their rates are in some instances higher. In this regard, the Trustee contacted three other similar financial advisory firms. One declined to provide a proposal, one was going to charge a blended hourly rate that was over $200 an hour higher that STOUT's highest hourly rate, and one did not get their proposal in for consideration for this engagement.

WHEREFORE, Debtor requests entry of an order that (i) approves Trustee's engagement of STOUT as Financial Advisor for the Trustee on the terms described above and grant such other and further relief as is just and equitable.

Respectfully submitted on the 23rd day of October, 2017.

**DEBTOR AEJV, LLC**

Loretta Cross
Trustee
Stout Risius Ross, LLC
1000 Main Street, Suite 3200
Houston, TX 77002
Telephone: (713) 824-0327
Email: lcross@stoutadvisory.com

**Trent Rosenthal**

By:  */S/ Trent L. Rosenthal*
Trent L. Rosenthal
Texas State Bar No. 17282300
Southern District ID No. No: 129
ROSENTHAL LAW FIRM, P.L.L.C.

5

675 Bering, Suite 150
Houston, Texas 77057
Telephone No. (713) 647-8177
Telecopy No. (713) 647-8127

Email: trosenthal@rosenthallaw.com

**ATTORNEY FOR THE TRUSTEE**

**OF COUNSEL:**

Trent L. Rosenthal
Texas State Bar No. 17282300
Southern District ID No. No: 129
ROSENTHAL LAW FIRM, P.L.L.C.
675 Bering, Suite 150
Houston, Texas 77057
Telephone No. (713) 647-8177
Telecopy No. (713) 647-8127
Email: trosenthal@rosenthallaw.com

## CERTIFICATE OF SERVICE

      This is to certify that a true and correct copy of this Application, attachments and proposed order has been electronically served on this 23rd day of October, 2017, through the Court's ECF Filing System on all counsel of record who are registered to receive ECF notices in this case and the U.S. Trustee. I further certify that on the 23rd day of October 2017, I have served a copy of this Application, attachments and proposed order on all creditors and other parties in interest by US Regular Mail, First Class, postage prepaid in accordance with the Creditors' Mailing Matrix obtained off of the ECF system.

                                                                                 */s/ Trent L. Rosenthal*
                                                                                 Trent L. Rosenthal