# CHAPTER 11 FEE APPLICATION SUMMARY (FEE APPLICATION NO. 3)

IN RE:                                         §
                                               §
ADVANTAGE ENERGY JOINT VENTURE,                §
                                               §
                                               §          CASE NO.  17-34469
         DEBTOR                                §

| Name of Applicant: | Rosenthal Law Firm, P.L.L.C. |
|---|---|
| Applicant's role in case: | Counsel for Ch. 11 Trustee |
| Date Order of Appointment signed: | December 6, 2017 |
| Amount of retainer received prior to filing of petition: | $0.00 |
| Any amount received after filing of petition: | $ 67,627.13 |

| | Beginning of Period | End of Period |
|---|---|---|
| Time period covered by this Application: | 10/01/2018 | 12/31/2018 |
| Time period(s) covered by prior Applications: | 10/12/2017 | 09/30/2018 |
| Total amounts awarded in all prior Applications: | $ 67,627.13 | |
| Total fees requested in this Application and in all prior Applications: | $ 130,457.51 | |
| Total fees requested in this Application: | $ 61,640.00 | |
| Total professional fees requested in this Application: | $ 59,490.00 | |
| Total actual professional hours covered by this Application: | 132.20 hours | |
| Average hourly rate for professionals: | $450.00 | |
| Total paraprofessional fees requested in this Application: | $ 2,150.00 | |
| Total actual paraprofessional hours covered by this Application: | 21.50  hours | |
| Average hourly rate for paraprofessionals: | $100.00 | |
| Reimbursable expenses sought in this Application: | $ 1,190.38 | |

| Total of payments paid to administrative claimants (other than applicant): | $  0.00 |
|---|---|
| Estimated total to be paid to unsecured creditors: | Undetermined |
| Estimated percentage dividend to unsecured creditors: | Undetermined |
| Date that plan was confirmed: | N/A |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ADVANTAGE ENERGY JOINT | § | **Case No. 17 34469** |
| VENTURE, | § | |
| | § | **CHAPTER 11** |
| Debtor. | § | |
| | § | |

**THIRD APPLICATION OF ROSENTHAL LAW FIRM, P. L. L. C. , AS COUNSEL FOR**
**LORETTA CROSS, CHAPTER 11 TRUSTEE, FOR ALLOWANCE OF INTERIM**
**COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE**
**PERIOD OCTOBER 1, 2018 THROUGH DECEMBER 31, 2018**

**NOTICE UNDER LOCAL BANKRUPTCY RULE 9013**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN TWENTY ONE (21) DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THIS MOTION MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE JEFF BOHM, U. S. BANKRUPTCY JUDGE:

**ROSENTHAL LAW FIRM, P. L. L. C.** ("Applicant" or "RLF"), counsel for Loretta Cross, Chapter 11 Trustee of Advantage Energy Joint Venture, debtor in the captioned Chapter 11 case (the "Debtor") hereby files its Third Application for Allowance of Interim Compensation and Reimbursement of Expenses for the Period October 1, 2018 through December 31, 2018 (the "Third Application"), and, in support thereof, would respectfully show the Court as follows:

## BACKGROUND

1.      On July 26, 2017 (the "Filing Date"), an involuntary petition under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") was filed against the Debtor. The Debtor's case is pending before the United States Bankruptcy Court for the Southern District of Texas, Houston Division.

2.      On September 21, 2017, the Court denied the Application to dismiss the involuntary petition and thereafter entered an order for relief. On September 26, 2017, Loretta R. Cross was appointed as Chapter 11 Trustee of the Debtor's estate (the "Trustee").

3.      On October 23, 2017, the Trustee filed its Application to Employ Rosenthal Law Firm, P. L. L. C. , as Counsel (the "Application to Employ") requesting the Court's authority to employ Rosenthal Law Firm, P. L. L. C. to act as the attorneys for Trustee in all matters arising in or related to Debtor's case. On November 28, 2017, the Trustee filed its Renewed Application to Employ Rosenthal Law Firm, P. L. L. C., as Counsel (the "Application to Employ") requesting the Court's authority to employ Rosenthal Law Firm, P. L. L. C. to act as the attorneys for Trustee in all matters arising in or related to Debtor's case. On December 6, 2017, the Court signed an Order Approving Employment of Rosenthal Law Firm, P. L. L. C., as Counsel for Loretta Cross, Chapter 11 Trustee ("Employment Order"), a true and correct copy of which is attached hereto as **Exhibit "A"** and made a part hereof for all purposes.

4.      On October 23, 20017, Applicant also filed its Declaration of Trent L. Rosenthal and Disclosure Statement Pursuant to §504 of the Bankruptcy Code and Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "Affidavit"), disclosing the matters required under Rule 2016(b) of the Federal Rules of Bankruptcy Procedure. A true and correct copy of the Declaration is attached hereto as **Exhibit "B"** and made a part hereof for all purposes.

**APPLICATION FOR INTERIM ALLOWANCE OF COMPENSATION
AND REIMBURSEMENT OF EXPENSES**

5.        This is Applicant's third request for interim allowance of compensation and reimbursement of expenses. Applicant is counsel for the Trustee and makes this Application pursuant to §331 of the Bankruptcy Code for professional services rendered and for reimbursement of out-of-pocket expenses incurred by Applicant in the representation of the Trustee. By this Application and in compliance with §328(b) of the Bankruptcy Code, Applicant seeks an interim allowance of compensation.

6.        Applicant filed its First Application for Allowance of Interim Compensation and Reimbursement of Expenses for the Period October 12, 2017 through February 28, 2018 (dkt. 153) on March 23, 2018. On July 18, 2018 the Court signed an Order approving Applicant's First Application for Allowance of Interim Compensation and Reimbursement of Expenses for the Period October 12, 2017 through February 28, 2018 (dkt. 165) and Applicant was granted $22,905. 00 in fees and $1,817. 48 in accrued expenses.  The foregoing allowed fees and expenses have been paid.

7.        Applicant filed its Second Application for Allowance of Interim Compensation and Reimbursement of Expenses for the Period March 1, 2018 through September 30, 2018 (dkt 186) on October 10, 2018. On December 18, 2018 On July 18, 2018 the Court signed an Order approving Applicant's Second Application for Allowance of Interim Compensation and Reimbursement of Expenses for the Period March 1, 2018 through September 30, 2018 (dkt. 232) and Applicant was granted $41,650. 00 in fees and $1,254. 65 in accrued expenses.  The foregoing allowed fees and expenses have been paid.

8.        All professional services for which allowance of compensation is requested were performed by Applicant for and on behalf of the Trustee and not on behalf of any committee,

creditor, equity security holder or any other person. Applicant is not seeking any compensation for work that was, or should have been, performed by the Trustee. Applicant is seeking compensation for legal services rendered to the Trustee. This Application covers the allowance of compensation for professional services performed from October 1, 2018 through December 31, 2018 and expenses incurred or reaching Applicant's records during that period. This Application is Applicant's third request for an allowance of interim compensation and reimbursement of expenses.

12.     During the period covered by this Application, Applicant expended a total of 153.70 hours for professional services rendered on behalf of the Trustee. The time was spent by the principals, associates and paralegals of Applicant as follows:

| **Principals** | **Hours** | **Hourly Rate** | **Total** |
|---|---|---|---|
| Trent L. Rosenthal | 132. 20 | $450. 00 | $59,490. 00 |
| Nena Lamb | 21.50 | $100. 00 | $2,150. 00 |
| TOTAL | **153.70** | | **$61,640.00** |

A complete accounting of the foregoing time is provided in the Invoices from Applicant (the "Invoices"), attached hereto as **Exhibit "C"** and incorporated herein by reference for all purposes.

16.     The rates charged by Applicant at the commencement of this proceeding was the same as the rates charged on chapter 11 matters, without considering the size and degree of responsibility, difficulty, complexity and results achieved. Accordingly, and based on such rates, the value of the professional services rendered during the period from September 1, 2018 through December 31, 2018 by Applicant totals **$61,640. 00.**

17.     Expenses incurred during the period covered in this Application total **$1,190. 38**, and are detailed **in Exhibit "C",** attached hereto and incorporated herein by reference. A summary of said expenses is attached hereto as **Exhibit "D"** and incorporated herein for all purposes.

18.     Work performed by Applicant for the period covered by this Application which has

benefited the Trustee and Debtor's estate includes, but is not limited to, the following:

a.      General/Case Administration. Applicant advised the Trustee with respect to Trustee's bond. Applicant additionally advised the Trustee with respect to settlement motion between Mr. Steelhammer and Mr. Martin. On November 14, 2018, Applicant also prepared a global settlement proposal to Verde and Mr. Martin. Applicant assisted the Trustee with insurance claim, resulting in the insurance proceeds being available for a secured lender and some funds for administrative claims.

On October 7, 2018, Applicant prepared and filed monthly operating reports and filed the Certificates of Service for August and September 2018.

The approximate time and compensation of Applicant's principals, associates and paralegals relating to Applicant's efforts set forth in this subparagraph "a" is as follows:

| Attorney | Hours | Amount |
|---|---|---|
| Trent L. Rosenthal | 3.00 | $1,350.00 |
| Nena Lamb | 0.70 | $     70.00 |

b.      Asset Analysis and Recovery.

Applicant negotiated the Asset Purchase Agreement (the "APA") with Lenders' counsel and Buyer's counsel, making multiple revisions. On November 1, 20109, Applicant prepared and filed a Notice of Filing APA. Applicant also worked on Bid Procedures and waterfall analysis, with many emails, phone calls and conferences between Lenders' counsel, Buyer's counsel, and Applicant.  Much of the work in this category counsel also be included with the category of Asset Disposition described below.

The approximate time and compensation of Applicant's principals, associates and paralegals relating to Applicant's efforts set forth in this subparagraph "b" is as follows:

| Attorney | Hours | Amount |
|---|---|---|
| Trent L. Rosenthal | 16.90 | $7,605.00 |
| Nena Lamb | 1. 80 | $   180.00 |

RLF, P.L.L.C.'s Third Application for Compensation

     c.    <u>Asset Disposition.</u> Applicant communicated with various creditors regarding the case. It was critical for the Trustee to jointly market the Assets in an orderly manner and cooperate in a sale process. Applicant reviewed various letters of intent for the sale of the Assets, and finally reviewed, revised and negotiated the terms of a Letter of Intent for the sale of the assets for $6M. Applicant prepared and filed Trustee's Motion for Order Approving LOI, Sales Procedure and Bid Protections; and drafted an Order Approving Trustee's Motion for Order Approving LOI, Sales Procedure and Bid Protections and the bidding procedures related thereto. Applicant prepared and filed a Motion to Expedite Hearing on the Sale Motion. Applicant reviewed emails from counsel for the secured creditors with comments to the Bidding Procedures and Order and revised same in an attempt to address their concerns.

On October 17, 2018 Applicant prepared and filed a Notice of Hearing on Motion for Order Approving LOI. On October 23, 2018, Applicant attended a hearing and the Court signed an Order Approving Bid Procedures (the "Bid Procedures Order"). The Bid Procedures Order contemplated an auction for the sale of debtor's assets with a stalking horse bid of $6M. Emails were exchanged with potential bidders after the Bid Procedures Order was signed. On October 26, 2019, Applicant prepared and filed Notice of Bid Procedures. Then, on December 13, 2018, Applicant prepared, filed and served Notice of Hearing on Expedited Motion to Modify Bid Procedures and Approve Reduction in Price. Applicant attended the hearing on, and the Court signed, an Order Granting Expedited Motion to Modify Bid Procedures and Approve Reduction in Price. Applicant prepared and filed a Supplement to the Sale Motion. On December 14, 2018 Applicant prepared and filed a Notice of No Other Qualified Bids and Cancellation of Auction. Applicant prepared and negotiated the terms of the sale order. Applicant prepared exhibits and an exhibit and witness list for the hearing.   On December 19, 2018, Applicant attended a hearing on and the Court signed an Order Approving Sale of Assets Free and Clear of Liens, Claims, Interests and Encumbrances. Applicant handled matters related to closing of the sale, including drafting a Bill of Sale and Assignment, and working with the Buyer's counsel to coordinate the closing. On December 31, 2018, the sale transaction closed and Applicant filed a Notice of Closing with the Court.  The gross sales proceeds (including the escrow deposit) was $5,500,000.

Applicant also had numerous telephone conferences with counsel for the secured lender and the Trustee regarding the sale process.  Moreover, Applicant reviewed and negotiated the Waterfall Analysis, which provided funds for the administrative claims and the priority tax claims.  This was essential to getting the transaction approved and closed.

The approximate time and compensation of Applicant's principals, associates and paralegals relating to Applicant's efforts set forth in this subparagraph "c" is as follows:

| Attorney | Hours | Amount |
|---|---|---|
| Trent L. Rosenthal | 107.80 | $48,510.00 |

| | | |
|---|---|---|
| Nena Lamb | 15.80 | $ 1,580.00 |

     d.    <u>Fee/Employment Application.</u> In accordance with the appointment of the Trustee, on September 26, 2017, Applicant prepared, filed and served the Rosenthal Law Firm, P. L. L. C.'s Second Application for Compensation and prepared for filing and filed Stout Risius Ross Second Application for Compensation. Applicant also prepared and filed Application to Employ Briggs & Veselka Co., P.C. as Tax Provider on October 17, 2018. These applications were all granted.

Applicant attended the hearing on Second Applications for Compensation on December 18, 2018, and the Court granted the Applications.

The approximate time and compensation of Applicant's principals, associates and paralegals relating to Applicant's efforts set forth in this subparagraph "d" is as follows:

| <u>Attorney</u> | <u>Hours</u> | <u>Amount</u> |
|---|---|---|
| Trent L. Rosenthal | 4.50 | $2,025.00 |
| Nena Lamb | 3.20 | $ 320.00 |

## <u>CONCLUSION</u>

20.    Various factors have been suggested by the Courts for consideration in awarding compensation in a bankruptcy case. See, for instance, *Matter of First Colonial Corp. of America,* 544 F. 2d 1291 (5th Cir. 1977) and *Johnson v. Georgia Highway Express, Inc. ,* 488 F. 2d 714 (5th Cir. 1974). These factors are codified in Section 330 of the Bankruptcy Code. Consideration of these factors is as follows:

    (a)    <u>Time and Labor Required:</u> The time required for the services performed by Applicant and a detailed description of such services are set forth in the Invoices, **Exhibit "C"**. Applicant was required to devote substantial time and attention to the chapter 11 case. The rates charged for attorneys and paralegals are commensurate with the complexity of this case, experience and qualifications of the attorneys and paralegals. Applicant avoided duplication of efforts and did not engage in any interoffice communications. Applicant handled the legal matters in a cost effective and efficient manner.

RLF, P.L.L.C.'s Third Application for Compensation

(b)    Novelty and Difficulty of the Questions: This case involves the technical and complex questions that arise in a chapter 11 case, and issues related to the adversary proceeding over ownership of the Debtor's assets. Moreover, Applicant's efforts facilitated an auction for the sale of Debtor's assets, including a stalking horse bid and bidder protection provisions. Implementing this process requires special skill, and experience in these types of sales. These matters duly taxed Applicant's resources and required Applicant's full expertise.

(c)    Skill Required to Perform the Services Properly: The principals and associates of Applicant have the skills required to properly perform the appropriate services for the Trustee. The fees requested herein are justified. Applicant has demonstrated its skill by minimizing the controversies that have arisen, promoting an orderly administration.

(d)    The Preclusion of other employment by the Applicant due to the acceptance of the case: Applicant's firm has numerous clients whose representation involves handling bankruptcy problems on a daily basis. By representing the Trustee in this action, Applicant's resources were utilized and to some extent, Applicant may have been precluded from representing some other chapter 11 debtors, as well as other clients. Applicant was also required to render certain services on a time-critical basis

(e)    Customary Fees: The rates charged by Applicant are customary fees for similar work done in the community. No premium, lodestar or contingency has been included in this Application. Applicant has not billed for any services that should have been performed by the chapter 11 trustee, as the trustee of Debtor's estate.

(f)    Whether the Fee is Fixed or Contingent: Applicant's fee expectations, when the case was accepted, were that the Applicant would receive its usual hourly rate. There is no contingency fee arrangement. Applicant was exposed to a possible risk in the collection of its fees if Applicant's efforts were not successful.

(g)    Time Limitations: These proceedings have required quick responses by counsel. In many instances, matters arising in connection with the Debtor's chapter 11 case required immediate attention. Applicant analyzed the law and facts on an expedited basis whenever necessary.

(h)    Amount Involved and Results Obtained: As a result of Applicant's and others' efforts, the Trustee was able to sell the Debtor's assets for $5,500,000 cash and thee sale closed on December 31, 2018. This generated proceeds that can be used to satisfy the priority tax lien claims, and monies/reserves for administrative claims in this case, and leaves over $4,000,000 available to the two secured equipment lenders. A reserve of $130,000 was established for payment of the fees and expenses that are allowed to RLF. Some of that reserve was used to pay fees and expenses that had already been allowed. Applicant has, whenever possible, engaged in settlement discussions with creditors in an attempt to arrive at a negotiated settlement so as to avoid the costs inherent in litigation. For example,

RLF, P.L.L.C.'s Third Application for Compensation

Applicant negotiated a reserve for administrative claims and payment of priority tax lien claims with the two (2) secured lenders to facilitate the sale. Applicant's efforts have resulted in an orderly and efficiently managed chapter 11 case for the Trustee and the Debtor's estate.

(i)    <u>Experience, Reputation and Ability of Counsel:</u> Applicant has an excellent reputation in the area of bankruptcy, litigation, real estate, banking and corporate law. All of Applicant's ability corresponds with its experience making the fee differentials appropriate. Applicant has represented numerous clients in chapter 11 proceedings. Applicant is well qualified to represent the Trustee in its chapter 11 case. Résumés for Applicant and its principals and associates are available upon request or at Applicant's website, <u>www. rosenthallaw. com</u>.

(j)    <u>The "undesirability" of the case:</u> This case is undesirable because of the delays and risks inherent in the bankruptcy fee application procedure, and the possibility of funds not being available for administrative claims.

(k)    <u>Nature and Length of Professional Relationship with the Client:</u> The Trustee has known Applicant for many years, and works with the Trustee in other matters. However, this is the first time Applicant has represented the Trustee.

(l)    <u>Awards in Similar Cases:</u> Applicant believes that the compensation sought is consistent with that awarded in other cases of similar size and complexity, and is authorized by §330 of the Bankruptcy Code. This Court reviews applications for compensation of attorneys in many cases and is aware of the allowances usually made and the factors that enter into such a decision. Applicant believes that the fees and expenses requested are similar to fee awards made in similar cases.

**WHEREFORE,** RLF respectfully requests that this Court enter an order that:

1.    Allows interim compensation to Applicant in the sum of **$62,830.38** consisting of fees in the amount of **$61,640.00** plus reimbursement of expenses in the amount of **$1,190.38,** as reasonable compensation for services rendered and reimbursement of expenses incurred by RLF in connection with this case;

2.    Authorizes and directs the Trustee to pay Applicant in the amount of **$62,830.38,** which amount reflects the fees and expenses awarded herein,

3.    Approves the foregoing as an interim allowance of compensation; and

4.    Grants RLF such other and further relief as is just and equitable.

Respectfully submitted this 17th day of January, 2019.

ROSENTHAL LAWFIRM, P.L.L.C.

*/s/ Trent L. Rosenthal*
Trent L. Rosenthal
Texas State Bar No. 17282300
Southern District ID No. No: 129
ROSENTHAL LAW FIRM, P. L. L. C.
675 Bering, Suite 150
Houston, Texas 77057
Telephone No. (713) 647-8177
Telecopy No. (713) 647-8127
Email: trosenthal@rosenthallaw. com

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this Application and attachments has been electronically served on this 17th day of January, 2019, through the Court's ECF Filing System on all counsel of record who are registered to receive ECF notices in this case and the U. S. Trustee. I further certify that on the 17th day of January, 2019, I have served a copy of this Application, attachments and proposed order on all creditors and other parties in interest by US Regular Mail, First Class, postage prepaid in accordance with the Creditors' Mailing Matrix obtained from the ECF system.

*/s/ Trent L. Rosenthal*
Trent L. Rosenthal

## VERIFICATION OF TRANSMITTAL TO CHAPTER 11 TRUSTEE

The undersigned, an attorney, under penalties of perjury, hereby certifies that a true and correct copy of the above and foregoing has been transmitted by U. S. First Class Mail, postage prepaid, to the U. S. Trustee, Office of the U. S. Trustee for the Southern of Texas, Houston Division, 515 Rusk Avenue, Suite 3516, Houston, Texas, 77002, on January 17, 2019.

/s/ Trent L. Rosenthal
Trent L. Rosenthal

RLF, P.L.L.C.'s Third Application for Compensation

Label Matrix for local noticing
0541-4
Case 17-34469
Southern District of Texas
Houston
Wed Jan 16 13:10:18 CST 2019

Advantage Energy Capital, LLC
c/o James E. Gayle
PO Box 690365
Houston, TX 77269-0365

Advantage Energy Joint Venture
6699 Port West Dr., Suite 160
Houston, TX 77024-8078

Atascosa County
711 Navarro Street Ste 300
San Antonio, TX 78205-1749

Consultants International Services LP
Three Riverway, Suite 1025
Houston, TX 77056-1956

First Financial Bank, N.A.
c/o Jim Hamilton
7700 San Felipe
Suite 550
Houston, TX 77063-1618

Green Bank, N.A.
c/o Streusand Landon Ozburn & Lemmon LLP
811 Barton Springs Road
Suite 811
Austin, TX 78704-1166

KoKo Palm Partners LP
c/o James E. Gayle
PO Box 690365
Houston, TX 77269-0365

MJMC Enterprises LLC
c/o Michael J. McGhan
3465 Overbrook Lane
Houston, TX 77027-4124

Meredith Interests Consulting LP
Three Riverway, Suite 1025
Houston, TX 77056-1956

Red River Compression Services LLC
6699 Port West
Suite 160
Houston, TX 77024-8078

The Bank of River Oaks
c/o Bruce K. Watkins
24 Greenway Plaza, Suite 1710
Houston, TX 77046-2423

Verde Springs II, LLC
c/o Jean Frizzell
1100 Louisiana St., Ste. 3500
Houston, TX 77002-5212

Westwind Ranch L.P.
c/o Larry J. Martin
15 E. Rivercrest
Houston, TX 77042-2513

4
United States Bankruptcy Court
PO Box 61010
Houston, TX 77208-1010

Atascosa County
c/o Don Stecker
711 Navarro, Suite 300
San Antonio, TX 78205-1749

Atascosa County Tax Office
1001 Oak Street
Jourdanton TX 78026-2849

Bank of River Oaks
2929 Kirby Drive
PO Box 131002
Houston, TX 77219-1002

Beckville ISD Tax Office
P O Box 37
Beckville TX 75631-0037

Bossier Parish Tax Office
P O Box 850
Benton LA 71006-0850

Briggs & Veselka Co.
9 Greenway Plaza
Suite 1700
Houston, TX 77046-0946

Buffalo ISD Tax Office
P O Box 157
Buffalo TX 75831-0157

Caddo-Shreveport Sales & Use Tax Commission
P.O. Box 104
Shreveport LA 71161-0104

Cleburne County
320 West Main Street
Heber Springs AR 72543-3052

Colorado Department of Revenue
Denver CO 80261-0004

Commercial State Bank
Houston Branch
23838 Highway 59 North
Kingwood, TX 77339-1531

Consultants International Services, LP
c/o Steelhammer & Miller
Three Riverway, Suite 1025
Houston, TX 77056-1956

Crawford County Tax Collector
300 Main St, Room 2
Van Buren AR 72956-5765

DeSoto Parish Sales & Use Tax Commission
P.O. Box 927
Mansfield LA 71052-0927

Denton County Tax Office
PO Box 1277
Denton TX 76202-1277

Dimmit County Tax Office
PO Box 425
Carrizon Spring, TX 78834-6425

East Feliciana Parish School Board
ATTN: Sales Tax Department
P.O. Box 397
Clinton LA 70722-0397

Eunice Blake Assessor/Collector
PO Box 356
Liberty MS 39645-0356

First Financial Bank, N.A.
23838 Highway 59 North
Kingwood, Texas 77339-1531

Fisher CAD
PO Box 516
Roby Texas 79543-0516

Franklin County Tax Collector
P O Box 1267
Ozark AR 72949-1267

Frio County Appr District
PO Box 1129
Pearsall TX 78061-1129

Frio County Tax Office
500 E San Antonio St
Box 20
Pearsall TX 78061-3145

Green Bank NA
4000 Greenbriar St.
Houston, TX 77098-5204

Green Bank, N.A.
c/o Streusand, Landon, Ozburn & Lemmon,
811 Barton Springs Road, Suite 811
Austin, Texas 78704-1166

Gregg County Tax Office
PO Box 1431
Longview TX 75606-1431

Harris County Tax Assessor-Collector
1001 Preston
PO Box 4089
Houston TX 77210-4089

Hienton & Curry, PLLC
5045 North 12th Street
Suite 110
Phoenix, AZ 85014-3302

Hood County Appraisal District
PO Box 819
Granbury TX 76048-0819

Howard County Tax Office
PO Box 1111
Big Spring TX 79721-1111

Internal Revenue Service
Department of the Treasury
Internal Revenue Service Center
Ogden, UT 84201-0011

Internal Revenue Service
P O Box 7346
Philadelphia, PA 19101-7346

James E. Gayle
c/o Advantage Energy Capital, LLC
6699 Portwest, Suite 160
Houston, TX 77024-8078

Johnson County Treasurer
PO Box 794
Clarkville AR 72830-0794

Karnes City ISD Tax Office
PO Box 38
Karnes City TX 78118-0038

Karnes County Tax Office
200 E Calvert Avenue
Suite #3
Karnes City Texas 78118-3210

Larry J. Martin
15 E Rivercrest
Houston, TX 77042-2513

LeFlore County Treasurer
P O Box 129
Poteau OK 74953-0129

Leon County Tax Office
P O Box 37
Centerville TX 75833-0037

Lincoln Parish Tax Office
P O Box 2070
Ruston LA 71273-2070

Logan County Tax Collector
25 West Walnut
Paris AR 72855-3239

Louisiana Department of Revenue
PO Box 4936
Baton Rouge LA 70821-4936

MJMC Enterprises, LLC
3465 Overbrook
Houston, TX 77027-4124

Marion County
PO Box 907
Jefferson TX 75657-0907

Meredith Interests Consulting, LP
c/o Steelhammer & Miller
Three Riverway, Suite 1025
Houston, TX 77056-1956

Michael J. McGhan
3465 Overbrook
Houston, TX 77027-4124

Michele O. Miller
c/o Steelhammer & Miller
Three Riverway, Suite 1025
Houston, TX 77056-1956

Mississippi Department of Revenue
ATTN: SALES TAX DEPT.
1385 Johnny Johnson Dr
Brookhaven MS 39601-9641

Mitchell County Tax Office
428 E 2nd Street
Colorado City Texas 79512

New Mexico Taxation and Revenue Dept
PO Box 25128
Sante Fe NM 87504-5128

Nolan CAD
208 South Elm Street
Sweetwater Texas 79556-4524

Panola County Tax Assessor-Collector
110 S Sycamore, Room 211
Carthage TX 75633-2543

Parish of St. Helena
PO Box 1205
Greensburg LA 70441-1205

Pine Tree I.S.D. Tax Office
PO Box 5878
Longview Texas 75608-5878

Pope County
100 West Main Street
Russellville AR 72801-3723

Rapides Parish Sheriff's Office
PO Box 1590
Alexandria LA 71309-1590

Reagan County Tax Office
300 Plaza Street
Big Lake Texas 76932-4512

Red River Compression Services, LLC
c/o Advantage Energy Capital, LLC
6699 Portwest, Suite 160
Houston, TX 77024-8078

Rio Arriba County Treasurer
PO Box 548
Tierra Amarilla NM 87575-0548

Robert H. Steelhammer
c/o Steelhammer & Miller
Three Riverway, Suite 1025
Houston, TX 77056-1956

Robert H. Steelhammer
c/o Walter J. Cicack
Hawash Cicack & Gaston LLP
3401 Allen Parkway, Suite 200
Houston, TX 77019-1857

Rusk County Tax Office
PO Box 988
Henderson TX 75653-0988

San Juan County Treasurer
100 S Oliver, Suite 300
Aztec NM 87410-2417

Sebastian County Tax Office
PO Box 1358
Fort Smith AR 72902-1358

Tangipahoa Parish Sales Tax Department
PO Box 159
Amite LA 70422-0159

Tangipahoa Parish Sheriff
PO Box 942
Amite LA 70422-0942

(p)TEXAS COMPTROLLER OF PUBLIC ACCOUNTS
REVENUE ACCOUNTING DIV - BANKRUPTCY SECTION
PO BOX 13528
AUSTIN TX 78711-3528

The Bank of River Oaks
c/o Bruce K. Watkins
Watkins & Watkins
24 Greenway Plaza, Suite 1710
Houston, Texas 77046-2423

Throckmorton CAD
PO Box 788
Throckmorton TX 76483-0788

US Trustee
Office of the US Trustee
515 Rusk Ave
Ste 3516
Houston, TX 77002-2604

Van Buren County Tax
PO Box 359
Clinton AR 72031-0359

Webster Parish Tax Office
P.O. Box 877
Minden LA 71058-0877

Weld County Treasurer
PO Box 458
Greeley CO 80632-0458

White County
115 W. Arch Ave.
Searcy AR 72143-7701

William W. Bandy, CPA
7726 Woodway Drive
Houston, TX 77063-1812

Wilson County Appraisal District
1611 Railroad St
Floresville TX 78114-1825

Wise Appraisal District
400 E. Business 380
Decatur TX 76234-3165

Wise County Tax Assessor/Collector
404 W Walnut
Decatur TX 76234-1372


Wood County Tax Office
P O Box 1919
Quitman TX 75783-2919

Woodforest National Bank
ATTN: Loan Operations
PO Box 7889
Spring, TX 77387-7889

Woodforest National Bank
c/o Winstead PC, Attn: Sean B. Davis
600 Travis Street, Suite 5200
Houston, Texas 77002-3017


Yell County Tax
PO Box 99
Danville AR 72833-0099

ZB, N.A dba Amegy Bank
ATTN:William Ray
Five Post Oak Park
4400 Post Oak Parkway
Houston, TX 77027-3421

Loretta R Cross
Stout Risus Ross LLC
1000 Main Street
Suite 3200
Houston, TX 77002-6337


Michele O. Miller
Meade & Neese LLP
2118 Smith Street
Houston, TX 77002-8628

Robert H. Steelhammer
14 Pinewold Circle
Houston, TX 77056-1400

Trent L Rosenthal
Trent L Rosenthal, P.L.L.C.
675 Bering
Suite 150
Houston, TX 77057-2188


The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


Texas Comptroller of Public Accounts
PO Box 13528
Capital Station
Austin, TX 78711-3528

(d)Texas State Comptroller
P.O. Box 13528, Capitol Station
Austin TX 78711-3528


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(u)Verde Springs, LLC
c/o Jean Frizzell
1100 Louisiana, Ste. 3500
Houston

(u)Woodforest National Bank

(d)Advantage Energy Capital, LLC
c/o James E. Gayle
P O Box 690365
Houston, TX 77269-0365


(d)KoKo Palm Partners, LP
c/o James E. Gayle
P O Box 690365
Houston, TX 77269-0365

(d)Verde Springs II, LLC
c/o Jean Frizzell
1100 Louisiana St., Ste. 3500
Houston, TX 77002-5212

(u)Verde Springs, LLC
c/o Jean Frizzell, 1100 Louisiana, Ste.


End of Label Matrix
Mailable recipients   101
Bypassed recipients     6
Total                 107